IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **OCWEN LOAN SERVICING, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 619-cv-00191 |
| | § | |
| **BEST MORTGAGE CORPORATION,** | § | |
| **and MORTGAGE ELECTRONIC** | § | |
| **REGISTRATION SYSTEMS, INC.,** | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Ocwen Loan Servicing, LLC ("Plaintiff" or "Ocwen"), and files this its *Original Complaint* against Best Mortgage Corporation and Mortgage Electronic Registration Systems, Inc., and would respectfully show the Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a limited liability company, whose citizenship is determined by its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Ocwen Loan Servicing, LLC is Ocwen Mortgage Servicing, Inc., which is incorporated and has its principal place of business in the U.S. Virgin Islands. Ocwen Loan Servicing, LLC is therefore a citizen of the U.S. Virgin Islands for purposes of diversity jurisdiction.

2. Defendant Best Mortgage Corporation is a defunct domestic for-profit corporation in the State of Texas. Defendant Best Mortgage Corporation may be served through its director, Linda R. Davis, as 1605 Fox Trail, Harker Heights, Texas 76548-2146, or at such other place as she may be found. Summons is requested.

3.      Defendant Mortgage Electronic Registration Systems, Inc. is a foreign for-profit corporation, with its principal place of business in the State of Virginia. Defendant Mortgage Electronic Registration Systems, Inc. does not maintain a registered agent in the State of Texas and may be served with process at 1818 Library Street, Suite 300, Reston, Virginia 20190 or through the Texas Secretary of State. Summons is requested.

4.      This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.  When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

5.      When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas*, 737 F.3d at 341.

6.      Here, the value of the right to be protected is a mortgage lien's freedom from adverse claims on its property interest. If Plaintiff were to foreclose on its property interest, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, free of senior liens, it may be entirely divested of any value in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. The Bell County Appraisal District values the Property at $88,016.00.

7. Venue is proper in this district and division, the United States District Court for the Western District of Texas, Waco Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## II. SUMMARY OF FACTS

8. On or about July 26, 2001, Shawn M. Alosi (the "Borrower") executed that certain Promissory Note (the "Note") in the original principal amount of $63,324.00 payable to Guaranty Residential Lending, Inc. and bearing interest at the rate of 7.3750% per annum.

9. Concurrently with the Note, the Borrower and Lindsay M. Alosi executed that certain Deed of Trust (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting a security interest in certain real property and improvements located in Bell County, Texas, commonly known as 1141 Ashley Drive, Nolanville, TX 76559-4504 and more particularly described as:

> LOT TWELVE (12), IN BLOCK THREE (3), OF NOLANVILLE ESTATES, FIRST REPLAT IN CITY OF NOLANVILLE, BELL COUNTY, TEXAS, ACCORDING TO THE PLAT OF RECORD IN CABINET A, SLIDE 373-C, PLAT RECORDS OF BELL COUNTY, TEXAS.

(the "Property"). The Security Instrument was recorded in the Real Property Records for Bell County, Texas under Document No. 025097. A true and correct copy of the Security Instrument is attached hereto as Exhibit A.

10. Plaintiff is the current legal owner and holder of the Note endorsed in blank and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code. True and correct copies of the Assignments of the Security Instrument are attached hereto as Exhibit B.

11. On October 7, 1987, a Deed of Trust was executed by Jim Bob Glass, Jr. and Elke M. Glass which purported to encumber the Property with a lien in the amount of $58,075.00. The Deed of Trust was recorded in the Real Property Records for Bell County, Texas under Document No. 1035A on October 8, 1987. The Deed of Trust has since been satisfied, yet no release of lien has been recorded to memorialize the satisfaction of the Deed of Trust. The Deed of Trust was assigned to Best Mortgage Corporation ("Best Mortgage") on November 8, 1993, pursuant to a Transfer of Lien recorded in the Real Property Records for Bell County, Texas under Document No. 035822.

12. On September 15, 1993, a Deed of Trust was executed by Joe E. Shaw, Jr. which purported to encumber the Property with a lien in the amount of $54,851.00 ("Second Deed of Trust"). The Deed of Trust was recorded in the Real Property Records for Bell County, Texas under Document No. 029163 on September 23, 1993. The Second Deed of Trust was satisfied by the proceeds of the Loan Agreement, yet no release of lien has been recorded to memorialize the satisfaction of the Second Deed of Trust. The Second Deed of Trust was assigned to MERS on March 9, 1998, pursuant to an Assignment of Mortgage/Deed of Trust recorded in the Real Property Records for Bell County, Texas under Document No. D18991.

13. On October 5, 2018, a Final Judgment was entered in Plaintiff's suit against the Borrower and Mrs. Alosi allowing it to proceed with foreclosure against the Property. The Final Judgment was entered in Civil Action No. 6-18-cv-00044 as Document No. 21. Plaintiff brings this suit for declaratory judgment to clear title to the Property before it proceeds with foreclosure.

### III. CAUSE OF ACTION – DECLARATORY JUDGMENT

12. The foregoing paragraphs are incorporated by reference for all purposes.

13. Plaintiff requests a declaration from this Court that its interest in the property is senior to any competing interest in the Property. Moreover, Plaintiff requests a declaration that the interests of Best Mortgage and MERS in the Property are extinguished due to failure to release their claims upon satisfaction of their liens.

14. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the Borrower's failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Defendants, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

### IV. CAUSE OF ACTION: SUIT TO QUIET TITLE

15. The foregoing paragraphs are incorporated by reference for all purposes.

16. In addition to the declaratory judgment, Plaintiff brings a claim to quiet title in its favor. That is, Plaintiff seeks a judgment that there are currently no other interest-holders in the Property senior to Plaintiff. Any interest previously held by Best Mortgage or MERS, though facially valid, is invalid and is no longer in effect. Any uncertainty as to the extinguishment of Best Mortgage and MERS's interests in the Property creates a cloud on title. Therefore, Plaintiff requests that title shall be quieted as to any stranger to title.

17. Plaintiff seeks a declaration that the competing interests of Best Mortgage and MERS, along with any other adverse interest in the Property, would be extinguished.

WHEREFORE, PREMISES CONSIDERED, Ocwen Loan Servicing, LLC requests that the Defendants be cited to appear and answer, and that, upon final hearing, the Court enter a judgment declaring that (1) Defendants' liens on the Property are extinguished due to

satisfaction; and (2) quieting title as to the Property, and awarding attorney's fees, costs and such other and further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Bar No. 21340
mcronenwett@mwzmlaw.com

**GORDON W. GREEN**
Texas Bar No. 24083102
Southern District No. 2590969
ggreen@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Plaintiff*